IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41472
Summary Calendar
_____

IN THE MATTER OF:  CECIL McDONALD,

                                                              Debtor

------------------------------------------------------------------

CECIL McDONALD,

                                                         Appellant,

versus

TEXAS NATURAL RESOURCE CONSERVATION COMMISSION,

                                                          Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(L-00-CV-107)
--------------------
June 18, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

        In this bankruptcy case, Pro Se Appellant McDonald, debtor in
the underlying bankruptcy proceeding, appeals from the district
court's affirmance of the bankruptcy court's denial of his motion,
filed in January, 2000 pursuant to Fed. R. Civ. P. 60(b), seeking
to overturn a 1996 nondischargeable judgment in favor of Appellee

_____

        [*] Pursuant to 5TH Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH Cir.
R. 47.5.4.

Texas Natural Resource Conservation Commission ("TNRCC") rendered by the bankruptcy court in an adversary proceeding. We decline McDonald's invitation to hold that the district court abused its discretion in affirming the bankruptcy court's refusal to grant McDonald's Rule 60(b) motion; instead, we dismiss this appeal as frivolous, and, on our own motion, warn McDonald that we will not tolerate any further efforts by him or on his behalf to prosecute the captioned case, any aspect thereof, or any other matter in any way arising from or connected with the case or the facts and circumstances surrounding it. Should this admonition be disregarded by McDonald, he shall be subject to the full panoply of sanctions that are at our disposal.

Inasmuch as McDonald, TNRCC, the bankruptcy court, and the district court are well familiar with and fully aware of the facts and proceedings of this case from the beginning, we shall not waste paper or judicial resources in reiterating them here. It suffices that the unmistakable and undeniable picture painted by the history and lengthy record of this case illustrates a wholly meritless, vexatious, contumacious, and dilatory abuse of the judicial system and its process by McDonald. The bankruptcy court's disposition of McDonald's extremely tardy Rule 60(b) motion was a totally proper exercise of that court's discretion, arguably making McDonald's appeal to the district court frivolous. That McDonald chose to aggravate the situation further by filing and prosecuting in this court an appeal from the district court's equally proper exercise of its discretion in affirming the bankruptcy court constitutes

2

behavior that justifies our immediate imposition of sanctions under our inherent powers. Exercising extreme restraint, however, we refrain from doing so, instead cautioning McDonald in the strongest possible terms against taking any further actions or making any further efforts whatsoever to prosecute this case or otherwise prolong or extend the litigation arising from or connected with it. To put it as plainly and succinctly as we can: This entire action is over; this litigation is finished; and this Appellant shall immediately cease and desist from filing, in any court within this circuit, any pleadings or other papers even remotely related to this case or the facts and circumstances involved in or implicated by it, under penalty of sanctions — monetary, injunctive, contempt — should he fail to abide fully by the letter and spirit of this ruling.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.